IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| BROWN MEDICAL CENTER, INC. | § § | Case No. 13-36405 |
| Debtor | § | Chapter 11 |

| | | |
|---|---|---|
| ELIZABETH M. GUFFY, PLAN AGENT | § § § | |
| Plaintiff | § § | |
| vs. | § § | Adversary No. 15-03269 |
| GREENBERG TRAURIG, LLP and JEANNE CALDWELL MCDOWELL | § § | |

### DEFENDANT JEANNE CALDWELL MCDOWELL'S
### MOTION TO WITHDRAW THE REFERENCE PURSUANT TO 11 U.S.C. § 157(d)

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Jeanne Caldwell McDowell files this Motion to Withdraw the Reference, and in support thereof, respectfully states to the Court as follows:

## I.

## **SUMMARY OF MOTION**

1. Jeanne Caldwell McDowell seeks withdrawal of the reference in this adversary proceeding. On December 7, 2015, Jeanne Caldwell McDowell filed her jury demand (Doc. No. 9). Her Demand for Jury Trial was made expressly subject to her Motion to Dismiss (Doc. No. 8).

2. Jeanne Caldwell McDowell does not consent to a trial before the Bankruptcy Court and requests that the reference be withdrawn immediately so that this adversary proceeding may be transferred to the District Court for disposition of all remaining pretrial proceedings and a trial by jury.

3. Jeanne Caldwell McDowell premises her request for withdrawal of the reference on her mandatory right to trial by jury before the District Court, as a party who demanded trial by jury in this adversary proceeding and does not consent to a jury trial in the Bankruptcy Court.

4. The only open question, then, is not whether the reference should be withdrawn, but when. Thus, a consideration of the factors enunciated by the Fifth Circuit in *Holland America Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985) is appropriate more for the purpose of determining the timing of the withdrawal than the ultimate question of whether withdrawal should occur since withdrawal of the reference <u>must</u> occur for the purpose of conducting the jury trial itself.

5. Jeanne Caldwell McDowell contends that consideration of the *Holland America* factors of promoting uniformity in bankruptcy administration, economical use of debtor's and

creditor's resources and expediting the bankruptcy process also support withdrawal of the reference at this time rather than delaying that event until the eve of trial.

6. This suit was filed on October 15, 2015. The only response to the Complaint thus far is Jeanne Caldwell McDowell's Motion to Dismiss under Fed. Bankr. R. P. 7012(b)(6) (Doc. No. 8). No other Defendant has filed an answer. It is appropriate that the District Judge who will actually be trying the case, decides the pending Motion to Dismiss and future issues since their outcome will dictate the ultimate issues to be tried by jury.

7. Finally, even if the right to a jury trial in the District Court was not a factor, any perceived enhancement of efficiency and time saving occasioned by having this Court hear the case will be offset by the delays that would be occasioned by the appeals <u>to the District Court</u> that would follow regardless of which side prevails. If the case is tried by the District Court the intermediate appellate step will be removed and the appeal will be directly to the Fifth Circuit.

## II.

## **PROCEDURAL AND FACTUAL BACKGROUND**

8. The above captioned Chapter 7 case was filed on October 15, 2013 ("Petition Date").

9. Elizabeth Guffy was appointed as Chapter 7 Trustee on October 24, 2013.

10. This adversary proceeding was filed on October 15, 2015, exactly two years after the Petition Date.

11. Jeanne Caldwell McDowell filed her Motion to Dismiss under Fed. R. Bankr. P. 7012(b)(6) on December 7, 2015 (Doc. No. 8).

12. Jeanne Caldwell McDowell filed her Demand for Jury Trial on December 7, 2015 (Doc. No. 9).

### III.

### **ARGUMENT & AUTHORITIES**

13. Jeanne Caldwell McDowell moves the Court to recommend that the District Court withdraw the reference as to this adversary proceeding under 11 U.S.C. § 157(d). This Court had occasion to review the *Holland America* factors in *Johnson v. Williamson*, 369 B.R. 322, 326 (Bankr. S.D. Tex. 2007), where it observed that "since this Court is unable to conduct a jury trial in this case, having the suit remain in the Bankruptcy Court and then facing *de novo* review by the District Court would delay the final resolution of this dispute, which in turn would delay the distributions to creditors in the main bankruptcy case." *Id.* at 329.

14. Fraudulent transfer claims give rise to a Constitutional right to a jury trial. *Granfinanciera v. Nordberg*, 492 U.S. 33 (1989). The only claims asserted in the Complaint are fraudulent transfer claims. Jeanne Caldwell McDowell has not waived her right to a trial by jury, never having filed a proof of claim or other appearance any of the jointly administered bankruptcy cases or in this adversary proceeding until she filed her Demand for Jury Trial, subject to her Motion to Dismiss.

15. This Court is an adjunct of the District Court – an Article III court. An Article III court may not delegate "'the essential attributes of the judicial power'" to an adjunct. *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 77-81 (1982) (Brennan, J., plurality opinion).

16. "The authority to conduct a jury trial is an essential attribute. In noting that bankruptcy courts have all of the usual powers of district courts, the very first power listed by the *Marathon* plurality was the authority to conduct jury trials." *In Re Clay*, 25 F.3d 190, 193 (5th Cir. 1994).

17. Accordingly, in *Clay*, the Fifth Circuit issued mandamus requiring that the District Court try the jury trial of the fraudulent transfer action. *Id.* at 198. The District Court did not have the discretion to have the Bankruptcy Court try the fraudulent transfer and preference case.

18. Jeanne Caldwell McDowell submits that since she has an undeniable right to a jury trial by the District Court, which trumps all other *Holland America* factors, the same reasoning leads inexorably to the conclusion that immediate, rather than delayed, withdrawal of the reference should be recommended by this Court to the District Court.

19. Despite this Court's familiarity with the bankruptcy case, which would ordinarily tend to promote uniformity in bankruptcy administration, *id.* at 327, the factor of expediting the bankruptcy process is supported by withdrawal of the reference where, as here, a District Court jury trial is inevitable if the Complaint is not sooner dismissed. Avoidance of the intermediate step of recommendations to the District Court would also promote a more economical use of the Debtors' and creditors' resources.

20. Since it will inevitably try the case, the District Court should decide all remaining pretrial and dispositive motions. Not only will the outcome of those motions shape the issues to be tried, the process of deciding those issues will result in the District Court having first hand familiarity with the factual and legal issues involved, a benefit that is as significant as it is self-evident.

21. In *Clay*, the Fifth Circuit has reviewed the possibility that the right to a jury trial would cause shenanigans and has said that the reference should be withdrawn *even if there is the potential for abuse*:

> [the Trustee] says giving litigants the power to switch courts by demanding jury trials would produce forum-shopping and delay, as defendants would take advantage of district courts' crowded dockets to slow cases down.

* * *

> The trustee would trumpet efficiency, but we hear a kazoo, at best. Reports of strategic manipulation of jury trials have been greatly exaggerated. In practice, litigants have not begun demanding more jury trials since 1989, when *Granfinanciera* established a right to jury trial in certain bankruptcy proceedings. *Grabill*, 967 F.2d at 1157-58; *Steinberg v. Mellon Bank (In re Grabill Corp.)*, 132 Bankr. 725, 727 n.3 (N.D. Ill. 1991); cf. *Granfinanciera*, 492 U.S. at 63 n.17 (finding that similar concerns with jury trials in fraudulent conveyance actions had been overstated).  A district court could avert split proceedings by withdrawing the reference to the bankruptcy court.
>
> If anything, jury trials in bankruptcy courts would impede efficiency. These speedy courts were not designed to conduct long jury trials, and most bankruptcy judges and lawyers are unused to jury procedures.  *Grabill*, 967 F.2d at 1158; *Ellenberg v. Bouldin*, 125 Bankr. 851, 854 (N.D. Ga. 1991); *Weeks v. Kramer (In re G. Weeks Securities, Inc.)*, 89 Bankr. 697, 710 (Bankr. W.D. Tenn. 1988). In this respect, district courts have far more expertise than bankruptcy courts do.
>
> Regardless, "the fact that a given law or procedure is efficient, convenient, and useful in facilitating functions of government, standing alone, will not save it if it is contrary to the Constitution." *INS v. Chadha,* 462 U.S. 919, 944, 77 L. Ed. 2d 317, 103 S. Ct. 2764 (1983).  The Framers separated power as a prophylaxis against its abuse.  They chose to sacrifice a measure of efficiency and expediency to insure that judges would be independent of the President, Congress, and other judges. See *The Federalist* No. 79, at 474 (Alexander Hamilton) (rejecting provision for removal of mentally disabled judges because that power might be abused). We are not free to tinker with this carefully crafted choice.

*In re Clay*, 35 F. 3d at 194.

22.     Assuming *arguendo* that the jury demand creates some inefficiency and moves this proceeding to the District Court, such a result was within the contemplation of Congress and the Framers.  While there is the potential for "forum-shipping and delay" or "strategic manipulation", even if that were present, it does not negate the Constitution and its guarantees of a jury trial before a Court of the United States.

WHEREFORE, Jeanne Caldwell McDowell respectfully requests that this Court recommend entry of, and that the District Court enter an order, withdrawing the reference of this adversary proceeding and granting her such other relief as is just.

Respectfully submitted,

BARNET B. SKELTON, JR., P.C.
  */s/ Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.
State Bar No. 18456400
712 Main Street, Suite 1610
Houston, Texas 77002
(713)-659-8761 Telephone
(713)-659-8764 Facsimile
barnetbjr@msn.com

ATTORNEY FOR DEFENDANT
JEANNE CALDWELL MCDOWELL

CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was filed electronically on December 7, 2015. As such, this notice was served on all counsel of record who are deemed to have consented to electronic service. This Motion was also served by U.S. Mail, first class, postage prepaid on Plaintiff's counsel of record:

Blake E. Rizzo
Carrigan McCloskey & Robinson, LLP
945 Heights Blvd.
Houston, TX 77008

  */s/ Barnet B. Skelton, Jr.*
   Barnet B. Skelton, Jr.