United States District Court
Southern District of Texas
**ENTERED**
March 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| BROWN MEDICAL CENTER, INC. | § | |
| | § | CIVIL ACTION NO. H-16-536 |
| Debtor. | § | |
| | § | |
| ---------------------------------------------------------- | § | |
| | § | CHAPTER 11 CASE NO. 13-36405 |
| ELIZABETH M. GUFFY, PLAN AGENT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | BANKRUPTCY ADVERSARY NO. 15-3269 |
| | § | |
| GREENBERG TRAURIG, LLP and | § | |
| JEANNE CALDWELL MCDOWELL, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Elizabeth Guffy was appointed in October 2013 as the Chapter 7 Trustee for the Brown Medical Center, Inc. bankruptcy. She filed this adversary proceeding in October 2015. Adversary defendant Jeanne Caldwell McDowell moved to withdraw the reference under 11 U.S.C. § 157(d), (Docket Entry No. 2). Adversary codefendant Greenberg Traurig, LLP, joined in the motion. (Docket Entry No. 7). Both defendants have demanded a jury trial. All parties in the Adversary Proceeding agree that the reference must be withdrawn for trial, but Ms. Guffy argues that the Bankruptcy Court should continue to preside over pretrial matters. United States Bankruptcy Judge Jeff Bohm issued a Report and Recommendation along the same lines, recommending that the district court grant the Motions to Withdraw the Reference and refer the adversary case back to him

for all pretrial matters. Timely objections to the recommendation followed. The issue is not whether but at what point to withdraw the reference.

The court agrees with the reasoning and result of the district judge's decision in the related case, 16-cv-0043, Adversary No. 15-3228. The adversary defendants in that case sought a prompt withdrawal of the reference, including pretrial work. The district court agreed, explaining in a thorough and careful Memorandum and Order why the relevant factors, including those set out in *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985), weighed in favor of withdrawal of the reference for pretrial and trial. As the court pointed out, the adversary proceeding includes both core claims and non-core claims, there is no allegation that the adversary defendants are engaging in forum shopping, and the defendants demanded a trial by jury. The remaining three *Holland* factors, relating primarily to judicial economy, equally favored prompt withdrawal of the reference. 777 F.2d at 999.

The same factors are present here and support withdrawing the reference. The court can use the pretrial period to become familiar with the factual and legal issues involved in the adversary proceeding. The court can rule promptly on pending motions and avoid the duplicative work that would occur if the bankruptcy court decides the motions and the parties appeal to this court. This court uses a premotion conference procedure that allows quick resolution of virtually all discovery disputes. The procedure is set out in this court's written procedures and will be discussed with the parties at the initial scheduling conference. In short, the court will handle this adversary proceeding to promote uniformity in bankruptcy administration, economical use of the parties' resources, and an efficient bankruptcy process. The court concludes that there is good cause to withdraw the

reference of this adversary proceeding and retains the case on the active docket rather than refer it to the Bankruptcy Court for pretrial matters.

The Motions to Withdraw the Reference (Docket Entries No. 2 and 3), are granted. The reference of this case to the United States Bankruptcy Court is withdrawn.

By April 4, 2016, Motions to Dismiss currently pending in the Bankruptcy Court will be refiled in this case using the District Court caption and case number. By April 25, 2016, Ms. Guffy must file her responses to the Motions to Dismiss using the District Court caption and case number. Any replies must be filed by May 2, 2016.

The court will hold the initial pretrial conference on the date set, **April 5, 2016, at 3:00 p.m.** in Courtroom 11-B.

SIGNED on March 30, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge