**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| BROWN MEDICAL CENTER, INC., | § | CIVIL ACTION NO. H-16-536 |
| | § | |
| Debtor. | § | |
| ------------------------------------------------ | § | CHAPTER 11 CASE NO. 13-36405 |
| | § | |
| ELIZABETH M. GUFFY, PLAN AGENT, | § | |
| | § | BANKRUPTCY ADVERSARY NO. 15-03269 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| GREENBERG TRAURIG, LLP and | § | |
| JEANNE CALDWELL MCDOWELL, | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANT GREENBERG TRAURIG, LLP'S MOTION**
**(I) TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE,**
**(II) FOR A MORE DEFINITE STATEMENT**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.[1]

---

[1] For purposes of re-filing this Motion to Dismiss pursuant to this Court's *Memorandum and Order* [Dkt. No. 16], Defendant has left in place certain language from the Bankruptcy Local Rule requirements out of an abundance of caution, and for the purpose of replicating as closely as possible the original Bankrutpcy Court filing.

TO THE HONORABLE LEE H. ROSENTHAL, UNITED STATES DISTRICT JUDGE:

Defendant Greenberg Traurig, LLP ("GT" or "Defendant") hereby moves (the "Motion"), pursuant to Rules 8(a), 9(b), 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable through Rules 7008, 7009 and 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) to dismiss Plaintiff's Original Complaint (the "Complaint") or, in the alternative, (ii) for a more definite statement, and in support thereof, would respectfully show the Court as follows:

## STATEMENT UNDER LOCAL RULE 7012-1

1.      GT does not consent to the entry of final orders or judgment by the Bankruptcy Judge if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## SUMMARY OF MOTION

2.      GT files this Motion because the Plan Agent has failed to state a claim upon which relief can be granted.  Specifically, the two Counts in the Complaint are each fatally flawed and must be dismissed because:

   a.      Counts 1 and 2, to the extent the Plan Agent seeks to avoid "actual fraudulent transfers," fail to allege fraud with the level of particularity required by Rule 9(b) of the Federal Rules; and

   b.      Counts 1 and 2 lack sufficient factual information to provide GT with fair notice of the transfers in question, and fail to allege an essential element necessary to obtain relief.

3.      Accordingly, this adversary proceeding should be dismissed.  At the very least, the Plan Agent should be required to re-plead with more specificity as set forth below.

## PROCEDURAL BACKGROUND

4.      On January 23, 2013, Michael Brown filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the

Southern District of Florida, Case No. 13-11484-RAM.  Complaint, ¶ 24.  That case was later transferred to the United States Bankruptcy Court for the Southern District of Texas, Case No. 13-35892.  *Id.*

5.      On October 15, 2013 (the "Petition Date"), Ronald Sommers, chapter 11 trustee for Michael Brown, filed a voluntary petition for relief on behalf of Brown Medical Center, Inc. ("BMC") under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas, Case No. 13-36405.  *Id.*, ¶ 25.  On October 24, 2013, the bankruptcy court entered an order appointing Elizabeth M. Guffy as chapter 11 trustee of BMC.  *Id.*

6.      On October 1, 2014, the Bankruptcy Court confirmed a plan of liquidation in the BMC case pursuant to which Ms. Guffy was appointed as the Plan Agent (the "Plan Agent").  *Id.*, ¶ 26.

7.      On October 13, 2015, the Plan Agent filed her Complaint against GT and Jeanne Caldwell McDowell (collectively, the "Defendants").  The Complaint seeks to avoid certain alleged fraudulent transfers pursuant to (i) Section 548 of the Bankruptcy Code ("Count 1") and (ii) Section 544 of the Bankruptcy Code and Section 24.001 of the Texas Business and Commerce Code ("Count 2").  By agreement of the parties, GT's deadline to answer, move or otherwise respond to the Plan Agent's Complaint was extended to January 8, 2016.

8.      On January 8, 2016, GT has filed a *Demand for Jury Trial* (the "Jury Demand") and a *Joinder in Defendant Jeanne Caldwell McDowell's Motion to Withdraw the Reference* (the "Joinder").

### AUTHORITIES AND ANALYSIS

**A.      Applicable Legal Standards.**

#### (1)      Federal Rule 8.

9.      Federal Rule 8(a) requires a plaintiff to give the defendant fair notice of the nature of the claim and grounds for it, including the demand for judgment the plaintiff seeks.  *See* FED. R. CIV. P. 8.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  Accordingly, the standard for pleading under Rule 8(a) is a "plausibility" standard, which is greater than the "possibility" standard many lower courts previously articulated and less than a "probability" standard.  *Id.* at 564, 570.  "[B]are assertions" that constitute "nothing more than formulaic recitations of the elements" of a cause of action without reference to factual context is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951 (2009).

#### (2)      Federal Rule 9.

10.      Federal Rule 9(b) requires heightened pleading requirements for claims based on fraud, including fraudulent transfer claims.  *See In re Today's Destiny, Inc.*, 2009 WL 1232108, at *6 (Bankr. S.D. Tex. May 1, 2009) (J. Isgur) ("Rule 9(b)'s application is not limited to pure fraud claims.  Rather, Rule 9(b) applies to any averment of fraud that has a fraud-based element.") (citing *Lone Star Ladies Inc. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368-69 (5th Cir. 2001)); *In re IFS Financial Corp.*, 2009 WL 4910049 at *3 (Bankr. S.D. Tex. Dec. 9, 2009) (J. Isgur) ("The Trustee asserts claims for fraudulent transfer and conspiracy to commit fraud . . . each is subject to particularity pleadings requirements under Rule 9(b)").  A party alleging fraud must "state with particularity the circumstances constituting fraud", including the "who, what, when, where, and how" of the alleged fraud.  *Williams v. WMX Techs., Inc.*, 112 F. 3d 175, 178

(5th Cir. 1997); *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("In this court, the Rule 9(b) standards require specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent."); *Airport Blvd. Apts, Ltd. v. NE 40 Partners, L.P.*, 411 B.R. 352, 365 n.9 (Bankr. S.D. Tex. 2009) (J. Bohm).[2]

### (3)    Federal Rule 12(b)(6).

11.    Federal Rule 12(b)(6) authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S.Ct. at 1950. A complaint must plead "allegations plausibly suggesting (not merely consistent with)" each element of a plaintiff's cause of action. *Twombly*, 550 U.S. 544, 557. Allegations that "stop short of the line between possibility and plausibility" fail to state a claim and must be dismissed. *Id.* "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Iqbal*, 129 S.Ct. at 1949-51. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement' or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949-51 (quoting *Twombly*, 550 U.S. at 557). Ultimately, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the

---

[2] Bankruptcy courts in this district have rejected application of a relaxed Rule 9 pleading requirement to trustees. *See In re NE 40 Partners, Ltd P'ship*, 440 B.R. 124, 128 (Bankr. S.D. Tex. 2010) (J. Bohm) (noting that the Third-Circuit view and cases following the Third-Circuit view predated *Twombly* and *Iqbal* and declining to apply a relaxed rule 9 standard to a trustee because "(1) the Fifth Circuit reads Rule 9(b) strictly; and (2) a Chapter 7 Trustee has many tools in his tool belt that would enable him to gather the requisite knowledge to file a fraudulent transfer complaint without having to rely on a more relaxed standard of pleading"). *See also In re Noram Resources, Inc.*, 2011 WL 6936351, at 13-14 (Bankr. S.D. Tex. Dec. 30, 2011) (J. Isgur) (applying Rule 9's heightened pleading requirement to trustee's fraud claim and finding that the trustee's pleading failed to comply with Rule 9); *In re Juliet Homes, LP*, 2010 WL 5256806, at *19 (Bankr. S.D. Tex. Dec. 16, 2010) (J. Isgur) (applying Rule 9's heightened pleading requirement to trustee's fraud claim).

plaintiff's likelihood of success." *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *In re Katrina Cana Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

**(4)     Federal Rule 12(e).**

12.      Federal Rule 12(e) provides that if a plaintiff files a complaint that is vague or ambiguous, the defendant, instead of attempting to answer, may file a motion asking the court to require the plaintiff to amend its complaint with a more definite statement.  *See* FED. R. CIV. P. 12(e); *Sisk v. Tex. Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981).  If the court grants a Rule 12(e) motion, the plaintiff must re-plead within fourteen (14) days after notice of the order or as scheduled by the court.  *See* FED. R. CIV. P. 12(e).  If the plaintiff does not re-plead by the deadline, the court may strike the complaint or issue any other appropriate order. *Id.*.

**B.     Counts 1 and 2 of the Complaint Must be Dismissed to the Extent the Plan Agent Seeks to Avoid "Actual Fraudulent Transfers."**

13.      Counts 1 and 2 of the Complaint seek to avoid certain alleged fraudulent transfers that occurred within the two years and four years preceding the Petition Date, respectively. Neither Count 1 nor Count 2, however, specify whether the Plan Agent is seeking avoidance under 11 U.S.C. § 548(a)(1)(A) or 548(a)(1)(B) as to Count 1, or under TEX. BUS. COMM. CODE § 24.005(a)(1) or 24.005(a)(2) as to Count 2.

14.      While it appears that the Plan Agent is only seeking avoidance of "constructive fraudulent transfers" (*i.e.*, 11 U.S.C. § 548(a)(1)(B) and TEX. BUS. COMM. CODE § 24.005(a)(2)) given the "reasonably equivalent value" language contained in paragraphs 28 and 34 of the Complaint, to the extent the Plan Agent seeks to avoid "actual fraudulent transfers" such claims should be dismissed as they have not been plead with sufficient particularity as required by Rule

9(b) of the Federal Rules.  *See* FED. R. CIV. P. 9(b); *see also In re Almazan*, No. 10-70253, 2011 WL 841349, *2 (Bankr. S.D. Tex. Mar. 7, 2011) (J. Isgur) ("To state a claim for actual fraudulent transfer, a plaintiff must meet the enhanced pleading requirements of Fed. R. Civ. P. 9(b). . . . Under Rule 9(b), fraud claims must be stated with particularity.") (internal citation omitted); *see also E. Poultry Distrib., Inc. v. Yarto Puez*, 2001 WL 34664163, at *2 (N.D .Tex. Dec. 3, 2001) ("If the fraudulent transfer statute Plaintiffs want the Court to apply requires intent to defraud, the enhanced pleading requirements of Rule 9(b) apply; if the statute allows for fraudulent transfer without intent to defraud, however, only the general pleading rules of Rule 8(a) must be satisfied.").

15.     Here, the only reference to any "alleged fraud" regarding GT is contained in paragraphs 13 and 14 of the Complaint.  Those paragraphs, however, merely summarize certain allegations raised by Rachel Brown in the underlying divorce proceeding against Michael Brown pending in Florida.  *See* Complaint, ¶¶ 13-14.  None of those allegations relate specifically to BMC, and the Complaint is completely devoid of any allegations that BMC made any of the alleged transfers "with actual intent to hinder, delay or defraud."  *See Think3 Litig. Trust v. Zuccarello (In re Think3, Inc.)*, 529 B.R. 147, 197 (Bankr. W.D. Tex. 2015) (applying Rule 9(b) to the plaintiff's actual fraudulent transfer claims, the court acknowledged that "this means that a party alleging fraud should specify the 'who, what, when, where, and how' of the alleged fraud") (citation omitted).  Such claims further fall short given the Plan Agent's failure to adequately describe any of the alleged transfers with the requisite level of specificity, even as required under the more relaxed Rule 8 standard, as set forth below (and incorporated herein).

16.     Based on the above, to the extent the Plan Agent is seeking to avoid alleged "actual fraudulent transfers," Count 1 and Count 2 must be dismissed for lack of particularity.

**C.** **Counts I and II of the Complaint Must be Dismissed Because the Plan Agent's Constructive Fraudulent Transfer Claims Lack the Requisite Level of Specificity Under Rule 8 and Fail to Allege an Essential Element Necessary to Obtain Relief.**

17.     A complaint asserting constructive fraudulent transfer claims must, at minimum, identify the parties to the transfer, the amount and date of the transfer, and the source of payment. *See, e.g., State Bank & Trust Co. v. Spaeth (In re Motorwerks, Inc.)*, 371 B.R. 281, 293 (Bankr. S.D. Ohio 2007); *Guilano v. U.S. Nursing Corp. (In re Lexington Healthcare Group, Inc.)*, 339 B.R. 570, 575 (Bankr. D. Del. 2006); *In re Int'l Mgmt. Assocs., LLC*, 2007 WL 7141787, at *2 (Bankr. N.D. Ga. Mar. 7, 2007). *See also* 11 U.S.C. § 548(a); Tex. Bus. & Com. Code § 24.001.

18.     In *In re Motorwerks, Inc.*, for example, the trustee failed to identify, by date or amount, even one actual transfer from the debtor to State Bank that was to be avoided.  Instead, the trustee asserted that the omitted information was unknown and would be the subject of discovery.  The court emphasized that the problem with the trustee's lack of specificity was that the allegations failed to provide State Bank with notice of the underlying transfers to be avoided, thus hindering the bank's ability to prepare an adequate answer and affirmative defenses. *Id.*  As such, the court concluded that the trustee's claims failed to provide the minimum information required by Rule 8. *Id.* at 294.

19.     Here, like in *Motorwerks*, the Complaint fails to provide any detail as to any of the alleged transfers.

20.     First, the Complaint fails to identify a single alleged fraudulent transfer to GT, much less the amount and date of any such alleged transfers.  Specifically, paragraph 19 of the Complaint only identifies certain GT *invoices* and the dates of those *invoices*.  Invoices do not equate to payments/transfers.  Thus, there is not a single allegation in either paragraph 19 or any other paragraph in the Complaint that discloses an actual transfer to GT, much less provides GT

with notice of the amount and date of such alleged transfer. *Compare* Complaint ¶ 19 (describing certain GT "invoices") *with* ¶ 20 (describing alleged "transfers" made to Caldwell).

21.     Second, the Complaint fails to specifically or plausibly plead which, if any, of the alleged transfers were made *by the Debtor*. Indeed, the Complaint acknowledges that at least some of the alleged transfers were made by "another entity." *See* Complaint, at ¶ 21 ("The funds used to pay some, if not all of the GT Invoices . . . were made by the Debtor *or through another entity . . . .*") (emphasis added). It is not surprising that "another entity" other than the Debtor may have paid GT given that the majority of GT's invoices, as acknowledged by the Plan Agent, were issued to BHCF, LLC d/b/a Brown Health Clinic—a non-debtor. To this point, it is the Plan Agent that is in possession of the Debtor's books and records, and it is the Plan Agent that knows or should have known in advance of filing the Complaint which entity made any alleged fraudulent transfers to GT (particularly if the Plan Agent is seeking to recover such transfers). Under these circumstances, it is not appropriate or plausible to plead an allegation as fundamental as the identity of the transferor in a vague and conclusory fashion, whether on information or belief or in the alternative.[3]

22.     Third, Counts 1 and 2 must be dismissed because the Plan Agent fails to sufficiently and plausibly plead at least one essential element of the causes of action necessary to obtain relief—namely, that the alleged yet-to-be identified transfers even involved a transfer of property in which the Debtor has an interest. Paragraph 21 of the Complaint merely concludes, without any factual allegations, that the unidentified funds allegedly transferred to GT "constitute an interest of the Debtor in property." *See* Complaint, ¶ 21. Because the Complaint

---

[3] *See Funk v. Stryker Corp.*, 672 F. Supp. 2d 522, 531 (S.D. Tex. 2009") ("[A] pleading made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into facts that is reasonable under the circumstances."); *Drobnak v. Anderson Corp.*, 561 F.3d 778, 784 (8th Cir. 2009) (pleading on information and belief "was inappropriate" because the plaintiffs had "sole access to the factual underpinnings supporting" their assertion).

admits, however, that many if not all of the alleged transfers were made by "another entity" other than the Debtor, factual allegations that both identify the "other entity" (as referenced above) in addition to allegations that provide some plausible basis to support the Debtor's bald assertion that it has an "interest" in the property in question are required.  This is particularly important in the context of this case, where the Debtor's own pleadings filed in the main bankruptcy case describe the Debtor as essentially a collection and disbursement agent for other entities that generated the account receivables.  *See* Bankr. Case No. 13-36405, Dkt. Nos. 3 & 77.[4]  Indeed, the Debtor's standard master service agreement specifically provides that title to any accounts receivable received by the Debtor belong to the entity that generated the account receivable.  *Id*., Dkt. No. 77 Exhibit 2, Art. 4.7.5 (non-debtor entity using the Debtor's management services "shall retain all rights in and to such deposited funds irrespective of their deposit into the Depository Account" and the Debtor is acting as the non-debtor's "agent" and "all rights to such funds shall remain with" the non-debtor).

23.    Without such basic allegations and information, GT cannot adequately formulate its affirmative defenses or otherwise defend against the Plan Agent's Complaint.  *See In re Motorwerks, Inc.*, 371 B.R. at 293 ("In determining whether a transfer is adequately identified, a good test "is to ask whether the defendant could respond to [the claim for relief] with an appropriate affirmative defense.") (quoting *Birdsell v. U.S. West Newvector Group, Inc. (In re Cellular Express of Ariz., Inc.)*, 275 B.R. 357, 363 (Bankr. D. Ariz. 2002)).  For example, the Plan Agent would not have standing to assert fraudulent transfer claims based on non-debtor transfers; rather, the trustee(s) for those respective estates would be the proper party to bring any such fraudulent transfer claims and such claims, if any, may now be barred the applicable statute

---

[4] This Court is authorized to take judicial notice of these documents.  *See e.g.*, *In re Think3, Inc.*, 529 B.R. at 171 ("[A] court may properly take judicial notice under certain circumstances with respect to a Rule 12(b)(6) motion.").

of limitations.[5]  Indeed, GT has already been sued by the Chapter 7 Trustee for Michael Brown's estate to avoid certain transfers (*see* Adv. No. 15-03019, Complaint, ¶ 6, identifying a $392,000 transfer), and on information and belief, that same transfer is also the subject of this adversary proceeding.  GT previously settled claims of Michael Brown's estate and should not be required to incur additional fees defending claims previously settled or otherwise improperly asserted by the instant Plan Agent.  *See* Bankr. Case No. 13-35892, Dkt. Nos. 2400 & 2434.

24.     Based on the above, and separate and apart from the bona fide services that GT provided to Michael Brown and/or his related entities, the Complaint and the nature of the organization and operation of the Debtor and Michael Brown's related entities raise significant issues regarding the proper party plaintiff.  The starting point for untangling and resolving these issues is, at minimum, a complaint that specifically identifies the amount and date of any alleged transfers, the transferor with respect to each transfer, and further includes specific and plausible allegations supporting any contention that the funds transferred were property of the Debtor rather than a non-debtor entity.  Unless and until such facts are adequately and plausibly plead, the Complaint is insufficient to support the Plan Agent's constructive (or actual) fraudulent transfer allegations, and Counts 1 and 2 must be dismissed.[6]

---

[5] *See* 11 U.S.C. § 548(a)(1) (authorizing the avoidance of certain transfers made by "the debtor"); *In re GWI PCS I Inc.*, 230 F.3d 788, 805 (5th Cir. 2000) (necessary element of a constructive fraudulent transfer claim under section 548 includes an allegation that "the debtor transferred an interest in property"); *In re Greenhaw Energy, Inc.*, 359 B.R. 636, 648 (Bankr. S.D. Tex. 2007) (Trustee failed to adequately plead fraudulent transfer claim because there were no plausible allegations that the debtor was "the party to make the transfer").

[6] GT also notes that in paragraphs 34 and 35 of the Complaint, the Plan Agent summarily alleges and concludes that "[a] creditor exists whose claims arose before or within a reasonable time after the occurrence of the transfers for whom the Plan Agent can act."  The existence of any creditor has not been plead.  This "naked assertion" and mere "threadbare recital[ ] of the elements of a cause of action" is insufficient to survive a motion to dismiss, even under the Rule 8 pleading standard.  *See generally Iqbal*, 129 S. Ct. at 678 (quoting *Twombly*, 550 U.S. at 557).

Moreover, to the extent the Plan Agent claims that any of the transfers from the Debtor were made to Michael Brown or another non-debtor entity as the initial transferee, the Complaint fails to plead any facts regarding the avoidability of such initial transfer.  *See, e.g., In re Brown Schools*, 368 B.R. 394, 407 (Bankr. D. Del. 2007) ("Because the Trustee cannot avoid the transfer to the initial transferee . . . the Trustee cannot recover against the mediate transferee"); *In re VF Brands, Inc.*, 282 B.R. 134, 139 (Bankr. D. Del. 2002) ("Under section 550 of the

## MOTION FOR A MORE DEFINITE STATEMENT

25.     GT incorporates each of the paragraphs above as set forth herein.

26.     In the alternative and to the extent that the Court allows some or all of the Plan Agent's claims to proceed, GT requests that the Court require the Plan Agent to plead with more specificity as alleged above.  Without more specific allegations, the Complaint is ambiguous, vague and prejudices GT's ability to answer it properly.

## PRAYER

27.     For all the reasons set forth herein, GT respectfully requests that the Court grant the Motion and dismiss all claims in the Plan Agent's Complaint.  Alternatively, in the event that the Court does not dismiss all claims in the Complaint, GT respectfully requests that the Court require the Plan Agent to amend the Complaint to set forth a more definite statement of the allegations contained therein.

---

Bankruptcy Code, in order to recover against a mediate or intermediate transferee, the claimant must establish that the transfer is a voidable fraudulent conveyance vis-à-vis the initial transferee").

Dated:  April 4, 2016.

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ William R. Greendyke*

William Greendyke
Attorney-in-Charge
TX Bar No. 08390450
S.D. Tex. No. 576573
Jason L. Boland
TX Bar No. 24040542
S.D. Tex. No. 37238
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile:  (713) 651-5246
william.greendyke@nortonrosefulbright.com
jason.boland@nortonrosefulbright.com

*Attorneys for Defendant Greenberg Traurig, LLP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served via the CM/ECF system to all parties registered to receive such service, and by United States first class mail, postage prepaid, on April 4, 2016, to the parties shown on the below service list.

 */s/ Jason L. Boland*
Jason L. Boland
TX Bar No. 24040542


**Special Litigation Counsel for the
Plan Agent, Elizabeth M. Guffy:**
Timothy M. McCloskey
Carrigan McCloskey & Roberson, L.L.P.
945 Heights
Houston, TX 77008

Blake E. Rizzo
Carrigan McCloskey & Roberson, L.L.P.
945 Heights Blvd
Houston, TX 77008

Thomas A. Woolley, III
Carrigan McCloskey & Roberson, L.L.P.
945 Heights Blvd
Houston, TX 77008

**Counsel for Co-Defendant
Jeanne Caldwell McDowell:**
Paul D. Clote
Law Office of Paul D. Clote, PLLC
1221 Lamar Street, Suite 1090
Houston, TX 77010