IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH M. GUFFY, PLAN AGENT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:16-cv-00536 |
| | § | |
| GREENBERG TRAURIG, LLP AND | § | |
| JEANNE CALDWELL MCDOWELL | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT GREENBERG TRAURIG, LLP'S MOTION (I) TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, (II) FOR A MORE DEFINITE STATEMENT**

Elizabeth M. Guffy, the Plan Agent (the "Plan Agent"), under the confirmed chapter 11 plan of liquidation (the "Plan") of Brown Medical Center, Inc. ("BMC or the "Debtor") files this Response (the "Response") to Defendant Greenberg Traurig, LLP's Motion (i) to Dismiss First Amended Complaint or, in the alternative, (ii) for a More Definite Statement (the "Motion") and respectfully states as follows:

## SUMMARY OF RESPONSE

1. For purposes of Federal Rule of Civil Procedure 8, the facts contained in the Plan Agent's First Amended Complaint [Doc. 22] (the "First Amended Complaint") clearly support, and provide more than adequate detail concerning, each element of the Plan Agent's claims. Moreover, the Plan Agent has pled sufficient allegations regarding her standing and her right to recover attorney's fees. Although Greenberg Traurig, LLP ("Greenberg") moved for a more definite statement, Greenberg fails to identify any fact that is so vague or ambiguous that it cannot formulate a response. Accordingly, the Motion should be denied in its entirety.

## ARGUMENT

2. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The ultimate question in a Rule 12(b)(6) motion is whether the factual allegations "raise a right to relief above the speculative level … *on the assumption that all the allegations in the complaint are true (even if doubtful in fact).*" *Id*. [emphasis added] (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**A.     The Plan Agent has Adequately Pled that the Transfers were Property of the Debtor.[1]**

3. Greenberg complains that the transfers are not sufficiently pled as "property of the debtor" because the First Amended Complaint is not specific enough to "support a conclusion that funds in accounts held in the name of a non-debtor entity nevertheless constituted property of BMC."

---

[1] The phrases "property of the estate" and "an interest of the debtor in property" have distinct meanings. *See Sommers v. Katy Steel Co., Inc. et al. (In re Contractor Technology, Ltd.)*, 343 B.R. 573 (Bankr. S.D. Tex. 2006). In the Motion, however, Greenberg interchangeably uses the phrases: "property of the debtor"; "an interest of the debtor in property"; and "property of the debtor's estate". For purposes of the response, the Plan Agent assumes Greenberg is using each of these terms to refer to "an interest of the debtor in property," which is the language included in 11 U.S.C. § 548.

Contrary to Greenberg's allegations, the First Amended Complaint is specific about the transfers received by Greenberg constituting property of the Debtor including, in part, that:

- The Transfers came directly from BMC or through other accounts, including a personal account of Brown and a corporate account of Instratek, **with funds from BMC and thus constitute an interest of BMC in property**. *See* First Amended Complaint at ¶ 19. (emphasis added).

- The funds transferred to GT were transferred **from BMC's bank accounts**. *Id.* (emphasis added)

- The funds in the BMC bank account **were property of BMC** not subject to claims of secured creditors or held in trust for any other entity. *Id* and n. 2. (emphasis added).

- Brown owned 100% of BMC and **distributions from BMC** to Brown's personal account were made in Brown's sole discretion and were Brown's primary source of income. *See* First Amended Complaint at ¶ 20. (emphasis added).

- Brown funded his extravagant lifestyle, which included mansions, luxury condos in multiple cities, a fleet of luxury cars, a plane, and multiple yachts, **as well as his astronomical personal attorney's fees for criminal, civil, and divorce proceeding with money taken from BMC**. *Id.* (emphasis added).

- In 2012, the year in which GT received all of its Transfers, **Brown directed BMC to transfer more than $10,000,000.00 to his own personal accounts and accounts that he controlled**. These funds were used, in part, to fund the Transfers to GT. *See* First Amended Complaint at ¶ 21. (emphasis added).

- In his motion to reinstate the case and appoint a chapter 11 trustee [Doc. No. 424], the CRO described the "cause of the **financial decline of the Brown Entities [as] the seemingly uncontrollable, unaccountable withdrawal of funds by Dr. Brown**." *See* First Amended Complaint at ¶ 24. (emphasis added).

4. As the Court is aware, for purposes of considering a motion under Federal Rule of Civil Procedure 12(b)(6), all facts pled by the Plan Agent should be taken as true and inferences should be drawn in the Plan Agent's favor. *See Tuchman v. DSC Communications, Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (holding that the court must accept as true all well-pleaded facts in the complaint and any reasonable inferences that may be drawn from them). The Plan Agent has clearly

exceeded the Rule 8 pleading standard because she alleges facts specifically stating that the transfers to Greenberg originated from the Debtor and that Greenberg was a recipient of those funds as an immediate or subsequent transferee.

5. To the extent that Greenberg is complaining that certain of the transfers were not received directly from the Debtor, Greenberg ignores the fact that it has been sued as a subsequent transferee. The Plan Agent may seek recovery from subsequent transferees, i.e., entities like Greenberg who receive transfers from the initial transferee or from another subsequent transferee. See 11 U.S.C. § 550(a). Not surprisingly, Greenberg did not cite any cases supporting this argument.

6. Greenberg did cite several cases in support of its claim that the First Amended Complaint does not sufficient identify the transfers as "property of the debtor." These cases, however, are irrelevant to the facts of this case or completely inapplicable at the motion to dismiss stage of the proceeding. *See*, *e.g., Krommenhoek v. A-Mark Precious Metals, Inc. (In re Bybee)*, 945 F.2d 309, 315 (9th Cir. 1991) (decided on *summary judgment* and involved unique aspect of whether debtor held title to futures contracts in precious metals); *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 204 (1983) (a case that implicates neither §§ 548 or 550 and holding that property of the estate under § 541 does not include an interest of "bare legal title").

7. In an effort to prop up its lack of legal authority, Greenberg directs the Court to selected sentences from various documents attached to filings in the bankruptcy case allegedly addressing whether the Debtor actually controlled the funds that were transferred to Greenberg. *See*

**Page 4**

Motion at ¶¶ 18-19.[2] To be clear, the Plan Agent disputes Greenberg's characterization of the referenced language. But for purposes of a motion to dismiss, it is irrelevant.

8. As detailed in *Stettner v. Smith (In re IFS Fin'l Corp.)*, 669 F.3d 255, 262 (5th Cir. 2012), which is another case cited by Greenberg, this issue cannot be decided at the motion to dismiss stage. In *IFS*, the Fifth Circuit affirmed the bankruptcy court's decision, after trial on the merits, where the trustee did not even have to prove "legal ownership" to show that bank accounts were part of the debtor's bankruptcy estate. The court stated that control over bank accounts is a "fact-based inquiry that will vary according to the peculiar circumstances of each case" *Id*.

9. Finally, Greenberg claims that the First Amended Complaint is insufficiently pled to allow Greenberg to formulate any defense it might have. On this point, Greenberg cites two cases for the Court, but again, both fail to support Greenberg's Motion. In *In re Motorwerks, Inc.*, the court dismissed the trustee's claims for fraudulent transfer because he "fail[ed] to identify, by date or amount, even one actual transfer." 371 B.R. 281, 293 (Bankr. S.D. Ohio 2007). Likewise, in *Birdsell v. U.S. West Newvector Group, Inc. (In re Cellular Express of Ariz., Inc.)*, the court granted a motion to dismiss because "[e]xcept for reciting the statutory elements for preference and fraudulent transfer claims, the original adversary complaint did not identify or describe any specific transfers or types of transfers to the Insider Defendants." 275 B.R. 357, 360 (Bankr. D. Ariz. 2002)

10. When the pleadings in those cases are compared to the First Amended Complaint, it is obvious that the Plan Agent has properly identified the transfers she seeks to avoid such that Greenberg can formulate a defense. In paragraph 17 of the First Amended Complaint, the Plan

---

[2] Greenberg refers the court to certain master service agreements to which the Debtor was a party and isolated statements in pleadings from the Debtor's underlying bankruptcy case. The facts relating the service agreements and the process by which accounts receivable were collected and swept into the Debtor's accounts will be the subject of discovery.

Agent identifies the following transfers by date, amount, and method of payment for each transfer sought to be avoided.

| Payment Date | Amount | Method |
|---|---|---|
| 1/24/12 | $15,000.00 | Check No. 27876 |
| 2/6/12 | $25,150.60 | Wire Transfer (33246) |
| 2/6/12 | $100,000.00 | Wire Transfer (33245) |
| 3/5/12 | $59,407.01 | Wire Transfer |
| 3/6/12 | $74,570.50 | Wire Transfer |
| 3/7/12 | $100,000.00 | Wire Transfer |
| 3/8/12 | $88,712.49 | Wire Transfer |
| 3/9/12 | $100,000.00 | Wire Transfer |
| 3/12/12 | $35,000.00 | Wire Transfer |
| 4/25/12 | $92,851.17 | Wire Transfer (35666) |
| 4/30/12 | $68,802.00 | Wire Transfer (35832) |
| 5/2/12 | $99,000.00 | Wire Transfer (35923) |
| 5/3/12 | $41,777.30 | Wire Transfer (35960) |
| 5/30/12 | $88,555.20 | Wire Transfer (36720) |
| 5/31/12 | $32,854.11 | Wire Transfer (36769) |
| 6/1/12 | $100,000.00 | Wire Transfer (36844) |
| 6/5/12 | $43,779.90 | Wire Transfer (36918) |
| 6/29/12 | $281,240.73 | Wire Transfer (37689) |
| 8/9/12 | $68,143.82 | Wire Transfer |
| 8/10/12 | $85,733.26 | Wire Transfer (39147) |
| 9/19/12 | $250,000.00 | Wire Transfer (40396) |
| 9/20/12 | $100,000.00 | Check No. 4176 |
| 10/19/12 | $219,000.00 | Wire Transfer (41489) |
| 10/23/12 | $54,000.00 | Check No. 4358 |
| **TOTAL** | **$2,223,578.09** | |

This level of detail is more than sufficient for satisfaction of Rule 8's pleading standards and Greenberg's Motion should be denied.

**B.     The Plan Agent has Adequately Pled Standing.**

11.     Greenberg complains that the Plan Agent has failed to identify a specific creditor "holding an allowable claim against the BMC estate who could have also avoided the alleged transfers under state law prior to the BMC bankruptcy petition date". *See* Motion at ¶ 26 and n. 6. Greenberg concedes that paragraph 34 of the First Amended Complaint states a "creditor whose claim arose before the occurrence of the Transfers for whom the Plan Agent can act," but claims this allegation is not specific enough under *Twombly & Iqbal*.

12.     Greenberg ignores the relevant paragraphs of the First Amended Complaint. The Plan Agent specifically describes the *qui tam* litigation initiated by Dr. Kevin J. Renfree in 2010 and later joined by the United States of America against the Debtor for "fraudulent claims submitted to the Medicare Program, the Texas Medicaid Program, and the Arizona Medicaid Program for medical procedures it did not perform and by overbilling the government for procedures it did perform." *See* First Amended Complaint at ¶ 13.

13.     Ultimately, the United States of America was allowed a claim of $5,450,000.00 (Claim No. 66) on account of the *qui tam* claims asserted against BMC. *See Stipulation related to Claim No. 66* [Docket No. 679 in Case No. 13-36405]. The claim asserted by the United States of America was supported by the First Amended *Qui Tam* Complaint in Case No. 10-cv-00527, *Kevin J. Renfree, et al. v. Brown Hand Center d/b/a Brown Medical Center, Inc.*, *et al*. pending in the United States District Court for the Southern District of Texas.

14.     Contrary to Greenberg's allegation, the First Amended Complaint clearly identifies a specific creditor whose claims arose before the transfers and could have pursued a fraudulent transfer claim against BMC.

## C. The Plan Agent May Recover Her Attorney's Fees.

15. Greenberg's argument that the Plan Agent is not entitled to her attorney's fees is simply incorrect and Greenberg has failed to cite a single case to support its position. In the Motion, Greenberg refers the Court to a handful of cases that generically discuss the interplay between 11 U.S.C. §§ 544, 548, and 550. None of these cases, however, state that the Plan Agent cannot recover her attorney's fees under TUFTA. In one of the cases cited by Greenberg, *In re Brentwood Lexford Partners, LLC,* 292 B.R. 255 (Bankr. N.D. Tex. 2003), the court requests that the trustee submit an affidavit in support of his attorney's fee indicating that the court may award attorney's fees under TUFTA.

16. More importantly, as admitted by Greenberg in its footnote 9, a plethora of courts – including those in the Southern District of Texas – have awarded attorney's fees under TUFTA even when the TUFTA claim is made under 11 U.S.C. § 544(b). *See In re IFS Fin. Corp.*, 2010 WL 1992579, at *3 (S.D. Tex. May 18, 2010) ("'[§ 24.013] of TUFTA gives the trial court the sound discretion to award attorney's fees based on the evidence.'") (quoting *Walker v. Anderson*, 232 S.W.3d 899, 919 (Tex. App. – Dallas 2007, no pet.)); *West v. Seiffert (In re Houston Drywall, Inc.),* 2008 WL 2754526, at *29-30 (Bankr. S.D. Tex. July 10, 2008) (stating that because the suit is a proceeding under TUFTA, through § 544(b), the "Court may award costs and attorney's fees in favor of the Trustee"); *Tow v. Pajooh (In re CRCGP LLC),* 2008 WL 4107490, at *21-22 (Bankr. S.D. Tex. Aug. 28, 2008) (awarding attorney's fees to a chapter 7 trustee under § 24.013 of TUFTA); *Quilling v. 3D Mktg., LLC,* 2007 WL 1058217, at *3-4, (N.D. Tex. 2007) (stating that "[a]s the prevailing party in the case [under the TUFTA], the Receiver is entitled to recover 'costs and reasonable attorney's fees as are equitable and just.' An application for attorney's fees shall be filed

within 14 days after entry of a final judgment...").

17. As these cases make clear, the Plan Agent is entitled seek recovery of her attorney's fees and Greenberg's Motion should be denied.

**D.      The Plan Agent's Detailed Allegations Do Not Require a More Definite Statement.**

18. Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) was not intended as a substitute for discovery because pretrial discovery is preferable to a motion for a more definite statement. *Artisa Records LLC v. Greubel*, 435 F. Supp. 2d 961, 972 (N.D. Tex. 2006) (citing *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)) (holding that Rule 12(e) is not to be used as a substitute for discovery); *Simaan, Inc. v. BP Products North America, Inc.*, 395 F. Supp. 2d 271, 280 (M.D.N.C. 2005). Greenberg fails to identify which allegations are so vague or ambiguous rendering it unable to prepare a response. As a result, Greenberg's motion for a more definite statement should be denied.

Accordingly, the Plan Agent requests the Court deny the Motion to Dismiss, grant the Plan Agent leave to amend if necessary, and grant such other relief as is just.

**Dated: June 3, 2016.**

        Respectfully submitted,

        **CARRIGAN, McCLOSKEY & ROBERSON, L.L.P.**

        By: /s/ Thomas A. Woolley, III
            Timothy M. McCloskey
            State Bar No. 13417650
            Blake E. Rizzo
            State Bar No. 24034073
            Thomas A. Woolley, III
            State Bar No. 24042193
            945 Heights Blvd.
            Houston, TX 77008
            713-868-5581
            713-868-1275 (fax)

        *Special Litigation Counsel for the Plan Agent*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on June 3, 2016 via the CM/ECF system to all parties registered to receive such service to the following:

**Counsel for Defendant**
**Greenberg Traurig, LLP:**
William Greendyke
Jason L. Boland
Norton Rose Fulbright US, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151

   /s/ Thomas A. Woolley, III
Thomas A. Woolley, III